41961. WEATHERFORD et al. v. WEATHERFORD et al.

ARGUED APRIL 6, 1966—DECIDED SEPTEMBER 6, 1966.

*Haas, Dunaway, Shelfer & Haas, William S. Shelfer,* for appellants.

*Smith, Ringel, Martin & Lowe, Ralph H. Hicks,* for appellees.

PANNELL, Judge. Upon a judgment of the court of ordinary entered on November 18, 1965, appellee filed an appeal to the superior court on November 23, 1965. November 21 fell on a Sunday. In the superior court appellants made a motion to dismiss the appeal on the grounds that the appeal was filed too late because it was not filed within four days from the rendition of the judgment appealed. The superior court overruled the motion to dismiss and on appeal from this ruling appellants have brought the case to this court, enumerating errors thereon.

The Judiciary Act of 1799 contained a provision providing for appeal to the superior court within four days after the adjournment of the court in which the judgment was rendered. This was codified in the Code of 1863 as § 3533 and remained the same through Section 5000 of the Code of 1910. The Supreme Court of this State in *Neal v. Crew,* 12 Ga. 93, rendered an opin-

ion which shed considerable light on the question, and, in our opinion, a controlling ruling was made therein.

The question in that case was whether or not Sunday should be counted in computing the four days permitted for appeal. After considerable citation of authority and discussion as to the matter of Sunday in relation to the law, the court said (pp. 98, 99, 100):

"The question then recurs, did the Legislature, in allowing four days for entering appeals, intend to count as one of them a day on which the act to be performed could not lawfully be done?

"We concede, that as a general rule, the doctrine that Sunday is dies non juridicus, or not a judicial day, applies only to the practice of the Courts, and the construction of the rules, and not to statutory time, unless it be expressly excepted, as in the Constitution of the United States, which declares that any bill which shall not be returned by the President within ten days, (Sundays excepted) after it shall have been presented to him, shall be a law. Art. 1, Section 7. New Digest, 1101. . .

"At Common Law, a judgment was entered on the roll of the record within the first four days of the next term after the trial, unless arrested within that time by some of the means allowed for that purpose. Tidd's Pr. 568-9, 838-9, 904, 930. Four days seem to be a kind of cabalistic period in the Court calendar. A capias had to lie four days in the Sheriff's office, the last four days of the return. 1 B. & A. 528. A sci. fa. had to be left in the office four days to charge bail. But it is unnecessary to multiply proofs. See Tidd, passim.

"Now, we have seen that the clause under consideration occurs in the Judiciary Act of 1799, which provides, that in all cases where a verdict shall be rendered, the party in whose favor it may be, shall be allowed to enter and sign judgment thereon, at any time within four days after the adjournment of the Court, at the Clerk's office, provided that 'within the time aforesaid,' there be no stay of execution and no appeal entered within terms of the law, &c.

"Now, may we not suppose, without doing violence to the probabilities of the case, that the Legislature, or lawyers in it,

who framed this admirable Act, had their minds directed to the analogous proceedings in the Courts of Westminster Hall? And if so, is it not right that this provision in relation to appeals should be construed in the light of the rules of practice which obtain in those Courts, in reference to similar subjects? In the Court of King's Bench, Sunday was never reckoned as one of the four days for entering up judgments. And for other purposes, in the Common Pleas, it was counted, if an intervening day, but not, if it was the first or last of the time. And here we find, no doubt, the reason for the contrariety of the practice which has obtained in our State Courts, as to whether or not Sunday should be regarded in relation to appeals—some of the Circuits adopting the practice in the King's Bench, and others of the Common Pleas. All going to show, however, that the profession in Georgia, have always interpreted this provision in the Judiciary, in view of the rules in the English Courts, and not of that which is adopted in reckoning statutory time, and by which Sunday is always counted, regardless of its collocation. . .

"Our judgment, therefore, is, that four clear days, as they are called in the old books, or working days, as they might perhaps be more appropriately designated, are allowed for entering appeals; and that whether Sunday be the first or last, or an intervening day, it is not to be counted. And this would seem to be short enough time for parties to procure money to pay all costs which may have accrued, and give security, which it is often difficult to obtain."

Subsequently there appeared in the Code of 1863 (§ 3534) a provision that "Sundays and holidays shall in no case be included in the computation of the time within which an appeal shall be entered." In Sec. 2 of the Act of 1868 (Ga. L. 1868, p. 132), an Act dealing with appeals from justice courts, a time for appealing was provided expressly applicable to justice courts and the Act excluded Sundays from the computation, making no mention of holidays. As a result of this Act, the Code of 1882 (§ 3614) altered Sec. 3534 of the Code of 1863 by adding thereto the words "except that holidays are included in the computation in cases of appeals from justices' courts." From 1921 to 1933, Code § 5000 of the Code of 1910, of course, did not apply to

courts of ordinary for the very obvious reason that the time allowed for appeal began running from a different period of time. By the adoption of the Code of 1933 and the change made in Sec. 5000 of the Code of 1910, appeals under present *Code* § 6-102 and under present *Code* § 6-202 begin at the same point of time and are for the same period of time. Until the Act of 1921 (Ga. L. 1921, pp. 117, 118), providing for more definite terms of the court of ordinary in Section 1 thereof, and providing in Section 2 thereof, "all appeals from the courts of ordinary shall be entered within four days from the date of the judgment complained of") all appeals from the courts of ordinary were required to be made within four days of the adjournment of the term of court at which the judgment complained of was rendered. Section 2 of the Act of 1921 is now codified as *Code* § 6-202. The Code of 1933, § 6-102, changed the four day period so as to begin it from the decision complained of, as follows: "Where the law guarantees to parties the right of appeal, and·no time is prescribed within which the appeal shall be entered, it shall be done within four days from the date of the decisions complained of."

We see no reason why the Act of 1921 in any way changed the application of *Code* § 6-103 excluding Sundays and holidays as applied to Sunday in *Neal v. Crew*, 12 Ga. 93. The argument that the Act of 1921, expressly applying to the court of ordinary, and making no exception as to intervening Sundays and holidays, and being the last expression of the legislature would supersede *Code* § 6-103 in so far as it might have applied to appeal from the courts of ordinary, is not tenable; this, for the reason that, the legislature by the Code of 1933 readopted both provisions and they both must be construed together as part of the field of law on the subject of the appeals from the inferior courts to the superior court, and when so construed it is our opinion that *Code* § 6-103 is applicable to appeals to the superior court from courts of ordinary and that the appeal in the present case was filed within the time required by law. Accordingly, the judge of the·superior court did not err in overruling the motion to dismiss the appeal.

Whether or not the appeal should be dismissed for any other reason is a question neither presented nor decided.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*